**TRAVELERS' INS. CO. et al. v. PRINCE LINE, Limited, et al.**

(District Court, S. D. New York. January 5, 1920.)

ADMIRALTY ☞1—STATE CANNOT CREATE MARITIME CAUSE OF ACTION BY WORK-MEN'S COMPENSATION ACT PROVIDING FOR ASSIGNMENT OF RIGHTS OF IN-JURED EMPLOYÉ.

An assignment under Workmen's Compensation Act N. Y. (Consol. Laws, c. 67) § 29, of a claim against a third person for death or injury of a workman on payment of compensation under the act by an insurer, *held* not to confer on the assignee a right of action under the maritime law.

At Law. Action by the Travelers' Insurance Company and the Associated Operating Company against the Prince Line, Limited, and the Asiatic Steamship Company. On demurrer to complaint. Demurrer sustained.

Amos H. Stephens, of New York City (William L. O'Brion, of New York City, of counsel), for plaintiffs.

Kirlin, Woolsey & Hickox, of New York City (Cletus Keating and V. S. Jones, both of New York City, of counsel), for defendants.

MAYER, District Judge. The amended complaint, to which the demurrer is interposed, alleges that one Patterson, a stevedore employed by the plaintiff Associated Operating Company, was killed on October 22, 1914, by the negligence of the defendants while working on the steamship Chinese Prince, then lying in navigable waters; that the dependents of Patterson filed an election to take compensation under the New York state Compensation Law (Consol Laws, c. 67), and that the plaintiff Travelers' Insurance Company, the insurer of Associated Operating Company, pursuant to the provisions of the state Compensation Law, paid compensation to dependents of Patterson and received from the dependents an assignment of their cause of action. A copy of the assignment is attached to the complaint and states that it is in pursuance of the New York state Compensation Law.

The theory of plaintiffs is that the action does not seek to enforce a liability created by the Workmen's Compensation Act to pay compensation without regard to fault, but the liability is predicated on the violation by defendants of an obligation imposed by the general maritime law, to wit, to have the ship and its appliances in safe condition when turned over to the stevedores to load.

In this connection, the plaintiffs contend that section 29 of the Workmen's Compensation Law referred to in the complaint, which is the section under which the assignment to the plaintiffs was executed, created a cause of action of which plaintiffs may avail. At the time when the cause of action accrued, arising out of Patterson's death, the state of New York was without power to legislate regarding maritime contracts. Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900.

The only possible theory upon which plaintiffs could recover would

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

be if the state statute created an assignable cause of action irrespective of and unrelated to the Workmen's Compensation Act. A mere reading of the statute demonstrates that its whole machinery was connected with the carrying out of the Workmen's Compensation Act and that the assignment was in relation thereto. When, therefore, plaintiffs were out of court because of the Jensen Case, their position was not helped by the assignment executed under and by virtue of section 29 of the Workmen's Compensation Act. That section reads as follows:

"Sec. 29. If an employé entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employé, or in case of death, his dependents, shall, before any suit or any award under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such elections shall be evidenced in such manner as the commission may [by] rule or regulation prescribe. If such injured employé, or in case of death, his dependents, elect to take compensation under this chapter, the awarding of compensation shall operate as an assignment of the cause of action against such other to the State for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation, and if he elect to proceed against such other, the state insurance fund, person, association, corporation, or insurance carrier as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the chapter for such case. Such a cause of action assigned to the state may be prosecuted or compromised by the commission. A compromise of any such cause of action by the employé or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the commission, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association, corporation, or insurance carrier liable to pay the same. Wherever an employé is killed by the negligence or wrong of another not in the same employ and the dependents of such employé entitled to compensation under the chapter are minors, such election to take compensation and the assignment of the cause of action against such other and such notice of election to pursue a remedy against such other shall be made by such minor or shall be made on behalf of such minor by a parent of such minor, or by his or her duly appointed guardian, as the commission may determine by rule in each case."

The argument of learned counsel for plaintiffs is ingenious, but not convincing, and it seems to me entirely plain that the demurrer must be sustained, and as a consequence that the complaint must be dismissed.